IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| EDGMONT GOLF CLUB, INC. | : | BANKRUPTCY NO. 13-19358(SR) |
| | : | |
| Debtor | : | |
| | : | |
| In re: | : | CHAPTER 11 |
| | : | |
| EDGMONT COUNTRY CLUB | : | BANKRUPTCY NO. 13-19359(SR) |
| | : | |
| Debtor | : | |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §363(c)
AND FED.R.BANKR.P. 4001, AUTHORIZING DEBTORS TO USE CASH
COLLATERAL AND PROVIDE ADEQUATE PROTECTION**

Edgmont Golf Club, Inc. (the "Corporate Debtor") and Edgmont Country Club (the "Operating Debtor") (at times, the Corporate Debtor and the Operating Debtor are collectively referred to herein as the "Debtors"), by and through their proposed counsel, Maschmeyer Karalis P.C., hereby move this Court, pursuant to §363 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order Pursuant to 11 U.S.C. §363(c) and Fed.R.Bankr.P. 4001, Authorizing Debtors to Use Cash Collateral and Provide Adequate Protection, (the "Motion") and in support thereof, aver as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' Chapter 11 cases and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein are §363 of the Bankruptcy Code and Rule

4001 of the Bankruptcy Rules.

## BACKGROUND

i.

2.  On October 28, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have remained in possession of their assets and continue in the management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.  A detailed description of the Debtors' businesses and the facts precipitating the filing of the Debtors' Chapter 11 proceedings is set forth in the Declaration of Peter Mariani in Support of First Day Motions. Those facts, to the extent relevant, are incorporated herein by reference.

4.  No trustee or examiner has been appointed in these cases. No official committee of unsecured creditors has been appointed in these cases.

## PRE-PETITION FINANCING FROM PNC BANK, N.A.

5.  As of the Petition Date, the Debtors had secured obligations of approximately $2.3 million comprised of three (3) credit facilities from PNC Bank, N.A. ("PNC") as follows:

    a.  A term note dated October 2005 (the "First Term Note"), in the original principal amount of $2,200,000, with a current principal balance due of $1,726,164;

    b.  A line of credit note dated November 2005 (the "Line"), in the original principal amount of $500,000, with a current principal balance due of $500,000; and

    c.  A term note dated July 2010 (the "Second Term Note"), in the original principal amount of $100,000, with a current principal balance due of

$54,249 (at times, the First Term Note, the Line, and the Second Term Note are collectively referred to herein as the "Credit Facilities").

6.  Certain of the PNC loan documents reflect a grant of a security interest in accounts. However, the Debtors' search has revealed no recorded UCC-1 financing statement in favor of PNC Bank that includes accounts. Therefore, it appears that PNC Bank N.A. does not hold a perfected security interest in the Debtors' accounts and therefore no interest in cash collateral.

7.  This issue has been raised with counsel for PNC Bank, N.A. and may be resolved prior to the date of the hearing.

8.  The Debtors are filing the instant Motion out of an abundance of caution in the event PNC has an interest in the Debtors' cash collateral.

9.  The Debtors' primary assets are real estate, cash, accounts receivable, machinery, and equipment.

10. If PNC has a perfected security interest in cash collateral, the Debtors will have discussions with PNC to reach a consensual agreement on the Debtors' use of cash collateral. In the event no agreement is reached, the Debtors are requesting that the Court authorize the use of cash collateral to the extent PNC has an interest in the cash collateral.

11. The Debtors, in the normal course of their businesses, incur obligations to suppliers, for a variety of goods and services, and their employees which are essential to the continued existence of the Debtors as going concerns. Absent the immediate authority to use their cash, the Debtors do not have the funds with which to conduct business.

12. The Debtors require an immediate hearing to at minimum authorize the use of cash collateral for immediate expenditures and operating expenses. The Debtors are currently

preparing a budget for their projected cash receipts and disbursements which will be submitted prior to the hearing on this Motion (the "Budget").

13. Moreover, the Operating Debtor would not have the ability to make payroll which is due and payable on November 1, 2013 absent the use of cash collateral. An abrupt cessation of the Debtors' businesses would cause extreme hardship to the Debtors' customers and their creditors and to the approximately fifty (50) employees of the Operating Debtor. Simply stated, in order to continue the operation of the Debtors' businesses, it is necessary for the Debtors to immediately be authorized to use their cash collateral.

14. It is also crucial that the Operating Debtor's post-petition payroll obligations be paid as these obligations come due.

15. The Operating Debtor must maintain its relationship with its employees so that the essential services they provide are uninterrupted. If the Operating Debtor's present employees terminate their employment, the Operating Debtor will be forced to hire new, untrained employees. As a result, clients will receive less than satisfactory service. The Debtors will suffer negative publicity and Debtors' relationship with their creditors could also be jeopardized.

## RELIEF REQUESTED

### A. USE OF CASH COLLATERAL

16. The Debtors request that the Court authorize the Debtors to use (a) cash, (b) proceeds of the pre-petition collateral, and (c) such other funds that the Debtors obtain post-petition which may be subject to PNC's pre-petition security interest.

17. The Debtors request authority to use cash collateral in the amount set forth in the Budget. The use of cash collateral is necessary in order for the Debtors to be able to operate and pay their post-petition obligations as they come due.

18. Approval of the Debtors' request to use cash collateral is in the best interest of the Debtors, their estates and creditors.

19. In accordance with Bankruptcy Rule 4001, the Debtors request that the use of cash collateral first be preliminarily approved and then subsequently be finally approved at a subsequent hearing upon further notice to parties in interest.

20. In accordance with Bankruptcy Rule 4001, the Debtors request that the final hearing be scheduled so that at least fourteen (14) days-notice has been provided to parties in interest.

21. The entry of any Order authorizing the use cash collateral is without prejudice to the rights of the Debtors, their creditors, any trustee appointed herein, or other party in interest, to contest the validity, extent or priority of any rights granted pursuant to the Credit Facilities or any security interest arising out of or related to the Credit Facilities.

22. The Debtors' use of cash collateral does not constitute a waiver by PNC or the Debtors or any other party in interest of any right or claim each may now have or in the future have with respect to any issue relating to the validity, extent or priority of PNC's security interests.

**WHEREFORE,** the Debtors respectfully request that the Court (i) enter an Order at the time of the hearing granting the relief requested herein and (ii) grant such other and further relief as this Court may deem just and proper.

                **Respectfully submitted,**

                **MASCHMEYER KARALIS P.C.**

                By:   /s/ Aris J. Karalis
                      ARIS J. KARALIS
                      ROBERT W. SEITZER
                      1900 Spruce Street
                      Philadelphia, PA 19103
                      (215) 546-4500
                      Proposed Attorneys for the Debtors

Dated: October 28, 2013