IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| EDGMONT GOLF CLUB, INC., *et al.* | : | BANKRUPTCY NO. 13-19358(SR) |
| | : | and 13-19359(SR) |
| Debtors | : | |
| | : | |

## DEBTORS' MOTION PURUSANT TO 11 U.S.C. § 362(d) FOR MODIFICATION OF THE AUTOMATIC STAY *NUNC PRO TUNC* FOR THE LIMITED PURPOSE OF ALLOWING THE APPEAL OF A CERTAIN PRE-PETITION JUDGMENT TO PROCEED TO A FINAL ADJUDICATION AND REQUEST FOR EXPEDITED HEARING, REDUCED NOTICE PERIOD AND LIMITED NOTICE

Edgmont Golf Club, Inc. and Edgmont Country Club (collectively, the "Debtors"), by and through their counsel, Maschmeyer Karalis P.C., hereby move this Court for the entry of an Order (a) modifying the automatic stay pursuant to § 362(d) *nunc pro tunc* for the limited purpose of allowing the appeal of a certain pre-petition judgment to proceed to final adjudication and (b) granting the request for an expedited hearing, reduced notice period and limited notice (the "Motion"), and in support thereof aver as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 case in this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein are §362 of the Bankruptcy Code, Rule 4001 of the Bankruptcy Rules.

### BACKGROUND

2. On October 28, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petitions for relief with the Court under Chapter 11 of the Bankruptcy Code. The

Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors, trustee or examiner has been appointed in the Debtors' Chapter 11 cases.

4. A detailed description of the Debtors' businesses and the facts precipitating the filing of the Debtors' Chapter 11 proceedings is set forth in the Declaration of Peter Mariani in Support of First Day Motions. Those facts, to the extent relevant, are incorporated herein by reference.

## PROCEDURAL HISTORY OF PRE-PETITION LITIGATION

5. On or about January 18, 2013, Plaintiff PNC Bank ("PNC Bank") filed a Complaint in Confession of Judgment (the "Judgment by Confession") against Defendants Edgmont Golf Club, Inc. and Edgmont Country Club ("Defendants") in an action styled *PNC Bank v. Edgmont Golf Club, Inc. and Edgmont Country Club*, Delaware County Common Pleas Court Docket No. 2013-522.

6. On March 13, 2013, the Debtors filed a Petition to Open/Strike the Judgment by Confession.

7. A hearing on the Petition to Open/Strike the Judgment by Confession was held on May 6, 2013.

8. On October 23, 2013, the Honorable G. Michael Green issued an Order denying the Petition to Open/Strike the Judgment by Confession (the "State Court Order").

9. On December 19, 2013, Defendants filed a Notice of Appeal in the Delaware County Court of Common Pleas, appealing the State Court Order to the Superior Court of Pennsylvania (the "Appeal"). Presently, the Appeal is pending before the Superior Court in the

matter styled *PNC v. Edgmont Golf Club, Inc. and Edgmont Country Club*, Superior Court Docket No. 114 EDA 2014.

10. On January 17, 2014, Defendants filed their Statement of Errors Complained of on Appeal with the Delaware County Court of Common Pleas, listing as errors the following:

(a) The amount of attorney's fees awarded;

(b) The amount of SWAP fees awarded;

(c) The amount of Loan Administration fees awarded:

(d) The amount of Break Funding Fee awarded;

(e) The award of the judgment where PNC Bank continued to accept payments after the notice of default; and

(f) The award of the judgment where the Defendants' assent to the confession of judgment clauses was not intelligent, knowing and voluntary.

11. On February 10, 2014, PNC Bank filed a Motion to Quash Appeal with the Superior Court on the basis that Defendants had not requested relief from the automatic stay in the bankruptcy proceeding before filing their Notice of Appeal.

12. This Motion seeks a modification of the automatic stay *nunc pro tunc*, effective as of December 18, 2013, in order to cure the defect raised by PNC Bank and to allow the appeal of the State Court Order to proceed to a final adjudication.

## RELIEF REQUESTED

13. Section 362 of the Bankruptcy Code stays, among other acts, the commencement or a continuation of all judicial, administrative or other actions or proceedings against the Debtor. See, 11 U.S.C. §362(a)(1). See also, *In re Mellor*, 734 F.2d 1396, 1398 (9th Cir. 1984); *In re Medlin*, 201 B.R. 188, 193 (Bankr. E.D. Tenn. 1996); *In re Playa Development Corp.*, 68

B.R. 549, 552 (Bankr. W.D. Tex. 1986); *In re Jug End in the Berkshires, Inc.*, 46 B.R. 892, 898 (Bankr. D. Mass. 1985)..

14. The Third Circuit Court of Appeals, in *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3rd Cir. 1982), held that

> In our view, section 362 should be read to stay all appeals in proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.
>
> Under this test, the instant appeals, since they arise out of an eviction proceeding brought against the debtor Hotel, are subject to the automatic stay imposed by section 362. Since the Bankruptcy Court has not entered an order granting relief from the stay, we hold that section 362 prevents us from proceeding with this appeal.

See, also, *Commerzanstalt v. Telewide Systems, Inc.*, 790 F.2d 206, 207 (2d Cir. 1986) ("An appeal is indisputably a continuation of a judicial action or proceeding and, therefore, this action is automatically stayed if it is one 'against the debtor'"); *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983); *Seiko Epson Corp. v. Nu-Kote Intern, Inc.*, 190 F.3d 1360, 1365 (Fed. Cir. 1999); *In re Capgro Leasing Associates*, 169 B.R. 305, 310 (Bankr. E.D.N.Y. 1994).

15. The automatic stay should be modified only for the limited purpose of allowing both the Debtors and PNC Bank to continue with the Appeal of the State Court Order so that the State Court Order may proceed to a final adjudication. But, the State Court Order and any such final adjudication of the State Court Order shall continue to remain subject to the provisions of the automatic stay referenced in §362 of the Bankruptcy Code for all other purposes, including

collection. See, e.g., *Constitution Bank v. Tubbs*, 68 F.3d 685 (3rd Cir.1995); *In re Keene Corp.*, 171 B.R. 180 (Bankr. S.D.N.Y. 1994); *In re Kaufman*, 98 B.R. 214 (Bankr. E.D. Pa. 1989)

16. A bankruptcy court will lift the stay for "cause" where there is an administrative need to fix the amount of a claim and the claim has been pending for considerable time in a non-bankruptcy forum. Under such circumstances, comity and economy may dictate that the non-bankruptcy court handle the dispute to conclusion. *Matter of Holtkamp*, 669 F.2d 505 (7th Cir. 1982); *In re Castlerock Properties*, 781 F.2d 159 (10th Cir. 1986); *In re Olmstead*, 608 F.2d 1365 (10th Cir. 1979); *In re Marvin Johnson's Auto Service, Inc.*, 192 B.R. 1008 (Bankr. N.D. Ala. 1996); *In re Hoffman*, 33 B.R. 937 (Bankr. W.D. Okl. 1983); *In re Philadelphia Athletic Club*, 9 B.R. 280 (Bankr. E.D. Pa. 1981).

17. Substantial resources have already been invested in the Appeal which would be wasted if the appeal is not allowed to continue to a conclusion.

18. The Debtors believes that cause exists under §362(d) of the Code to grant the Debtors the limited relief from the stay requested herein.

19. The pursuit of the Appeal to a final adjudication will further the Debtors' efforts to reorganize their affairs.

20. The granting of this Motion will render PNC Bank's Motion to Quash the Appeal moot and allow the Appeal to proceed to a final adjudication.

### REQUEST FOR EXPEDITED HEARING, REDUCED NOTICE PERIOD FOR INTERIM HEARING AND FINAL HEARING

21. As the response date to the Motion to Quash Appeal is February 27, 2014, the Debtors respectfully request that this Court schedule an expedited hearing on or before February 19, 2014 so that the Debtors will be able to appropriately and timely respond to the Motion to Quash Appeal.

22. The Debtors also respectfully request that this Honorable Court reduce the notice period to permit the hearing on the Motion as scheduled.

23. The Debtor further requests that this Honorable Court limit notice of the hearing to be served via e-mail or facsimile transmission upon (i) counsel for PNC Bank; (ii) the Office of the United States Trustee; and (iii) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

24. Pursuant to Local Rule of Bankruptcy Procedure 5070-1(f), counsel to the Debtors advised (i) the Office of the United States Trustee and (ii) counsel to PNC of their intention to see expedited consideration of the instant Motion.

25. Concurrent with the filing of the instant Motion, counsel for the Debtors has served a copy of the Motion via ecf transmission, Federal Express, overnight mail, facsimile transmission, or e-mail transmission upon (i) the Office of the United States Trustee, (ii) counsel to PNC, and (iii) all parties who have timely filed requests for notices pursuant to Fed.R.Bankr.P. 2002.

26. Counsel for the Debtors is prepared to immediately serve the parties identified in the preceding paragraph and all creditors with a copy of the Order scheduling an expedited hearing on this Motion via U.S. First Class Mail.

**[INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court, initially, enter an Order (i) scheduling an expedited hearing, limiting notice and reducing the applicable notice period as requested by this Motion, and, after the hearing on the Motion, enter an Order (i) granting the Motion, (ii) modifying the automatic stay, *nunc pro tunc* to December 18, 2013, for the limited purpose of allowing the Debtors and PNC Bank to pursue the Appeal of the State Court Order to a final adjudication and (iii) for such other and further relief as this Court deems just and proper.

        **Respectfully submitted,**

        **MASCHMEYER KARALIS P.C.**

    By:   /s/ Aris J. Karalis
        ARIS J. KARALIS
        ROBERT W. SEITZER
        LINDA B. ALLE-MURPHY
        1900 Spruce Street
        Philadelphia, PA 19103
        (215) 546-4500
        Attorneys for the Debtors

Dated: February 12, 2014